JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the trial court order granting the motions of defendant-appellee, Michael Sahady, for discovery and appointment of an expert, at the State's expense, prior to his sexual offender classification hearing. For the reasons that follow, we affirm in part and reverse in part.
 {¶ 2} In 1993, Sahady was convicted, after a bench trial, of two counts of rape without force and two counts of felonious sexual penetration without force and sentenced to concurrent terms of seven to twenty-five years in prison. The victim, who was age seven at the time of the offenses, testified at trial that her mother arranged for Sahady's wife, Suzanne Sahady, to babysit her while she was at work. The victim testified that Suzanne would sometimes leave the home and Michael Sahady would be in charge of babysitting. The victim testified that almost every time Suzanne Sahady left, Michael would "take me and [Sahady's seven-year-old stepdaughter] into the bathroom and touch us at the wrong spot." She testified further that Sahady "would lick us" and stated that during the incidents, Sahady wore a red robe, which was open. She also testified that Sahady would sometimes give her and the other girl baths together, after which he would "stick these tubes in our private spot." She described the tubes as "a yellow or white tube" about five inches long.
 {¶ 3} Although Sahady was also indicted for rape and felonious sexual penetration of his stepdaughter, during the competency phase of the trial, his stepdaughter denied being molested by Sahady and all counts pertaining to her were dismissed.
 {¶ 4} The State also presented the testimony of Kathleen Lumdsden, a sexual abuse social worker, who testified that when she interviewed the victim about the events, she was very scared and reluctant to talk to her. After her interview with the victim, Lumdsden referred the victim and her mother to a child therapist at the Center for Human Sexuality.
 {¶ 5} Marsha Thompson, a pediatric nurse practitioner at Metro Health Medical Center's Alpha Clinic, testified that her examination of the victim revealed injuries consistent with sexual abuse.
 {¶ 6} This court affirmed Sahady's conviction on appeal. State v.Sahady (June 23, 1994), Cuyahoga App. No. 65410.
 {¶ 7} Subsequently, pursuant to R.C. 2950.09(C)(1), the Ohio Department of Corrections and Rehabilitation recommended that Sahady be adjudicated a sexual predator. In accordance with this recommendation, the trial court ordered that a sexual offender classification hearing be scheduled.
 {¶ 8} Sahady then filed three motions. In his motion for depositions and interrogatories at the State's expense, he requested that he be allowed to propound written interrogatories to and take the depositions of 14 individuals, including both victims, investigating police officers, employees of the Cuyahoga County Department of Children and Family Services, and the victims' treating mental health professionals.
 {¶ 9} In his motion for production of documents, again at the State's expense, Sahady requested that the Cuyahoga County Department of Children Family Services ("CCDCFS") produce "documents providing any and all evidence produced in the investigation of Michael Sahady," including, "any and all statements made by Michael Sahady or [the victims] that pertain to allegations of abuse," and "any and all psychological records pertaining to Michael Sahady or to [the alleged victims.]" In addition, Sahady requested that the Cuyahoga County Prosecutor's Office produce its file relating to the case.
 {¶ 10} In his motion for appointment of an expert, Sahady requested that the trial court provide him, at the State's expense, with an expert witness to testify in his defense at the sexual offender classification hearing.
 {¶ 11} The trial court granted Sahaday's motion for written interrogatories as to Suzanne Sahady, Joanie Sahady, Kathleen Lumsden, Marsha Thompson and Dr. Nancy J. Huntsman, but ordered that Sahady bear this expense. The trial court also granted Sahady's motion for production of documents at the State's expense "as to all witness statements, all interview reports and psychological records of Michael Sahady." Finally, the trial court granted Sahady's motion for an expert witness at the State's expense.
 {¶ 12} The State has now appealed from the trial court's order granting Sahady's motions.
 JURISDICTION {¶ 13} As an initial matter, we address Sahady's argument that the State's appeal does not arise from a final, appealable order because the State is appealing from an interlocutory discovery order.
 {¶ 14} Our appellate jurisdiction is limited to reviewing final orders. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. As relevant to this matter, R.C. 2505.02(B)(2) provides that a final order is "an order that affects a substantial right made in a special proceeding * * *."
 {¶ 15} Sahady concedes that a sexual offender classification hearing is a special proceeding because it is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." He argues, however, that the trial court's discovery order does not affect a substantial right of appellee.
 {¶ 16} A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law. State ex rel. Hughes v. Celeste
(1993), 67 Ohio St.3d 429, 430. In other words, "[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. An order affects a substantial right if, in the absence of immediate review of the order, effective relief will be foreclosed at some point in the future. Bell v. Mt. Sinai Med.Ctr. (1993), 67 Ohio St.3d 60, 63.
 {¶ 17} Sahady argues that since an appeal is available to the State from a final judgment rendered after the sexual offender classification hearing, the State could challenge the trial court's discovery order at that time and, therefore, is not precluded from obtaining effective relief at a later date. We disagree.
 {¶ 18} It is readily apparent that once privileged information is divulged, the damage is done and it cannot be remedied by subsequent review of the decision after final judgment is entered. In short, if the order is not reviewed now, the State will be denied any effective remedy later. Accordingly, the trial court's order does, indeed, affect a substantial right.
 {¶ 19} We hold, therefore, that we have jurisdiction to consider the State's appeal.
 INTERROGATORIES {¶ 20} In its first assignment of error, the State contends that the trial court erred in granting Sahady's motion to propound interrogatories to various individuals. The State contends that Ohio's sexual offender classification framework, as set forth in Revised Code Chapter 2950, does not provide Sahady with the right to any type of formal discovery prior to his sexual offender classification hearing. According to the State, the procedural rights of a defendant in a sexual offender classification hearing are those set forth in R.C. 2950.09(B)(2): the right to counsel, the right to testify on his own behalf, the right to present evidence, the right to present and examine witnesses, the right to cross-examine any witness, including an expert witness, called to testify by the State and the right to present an expert witness in his defense. According to the State, because R.C. 2950.09(B)(2) does not specifically provide for formal discovery by the defendant, no such right is afforded to him.
 {¶ 21} The State's argument fails, however, because R.C. 2950.09(B)(2) specifies only what rights a defendant has "at the hearing." It does not address what rights a defendant may have prior to the hearing. Furthermore, by explicitly giving a defendant the right to present evidence at the hearing, the statute implicitly recognizes a defendant's right to procure that evidence prior to the hearing.
 {¶ 22} Moreover, we agree with Sahady that the State's attempt to preclude any discovery by the accused prior to the classification hearing violates basic notions of fairness. Both sides should be afforded the opportunity to prepare their case thoroughly and to investigate both the favorable and unfavorable aspects of their case. In light of the onerous and life-changing requirements that the designation of sexual predator entails, we find it fundamentally unfair to deny a defendant the right to any discovery prior to the sexual offender classification hearing.
 {¶ 23} A trial court has discretion in deciding evidentiary questions and we will not reverse evidentiary rulings unless there was an abuse of discretion. Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 222-223. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleveland Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122.
 {¶ 24} Here, although Sahady had requested discovery from 14 individuals, the trial judge denied Sahady's request for depositions and limited his discovery to propounding written interrogatories, at his own expense, to five individuals. We find no abuse of discretion in this ruling. We note, however, that the trial court's order granting Sahady's request in part did not explain why discovery was granted as to several individuals but precluded as to others. We assume that the trial judge, who was the same judge who conducted Sahady's trial, reviewed Sahady's request and determined that only some of the individuals were likely to have information relevant to Sahady's likelihood of sexually reoffending — the issue presented in the sexual offender classification hearing. The better practice in cases such as this, however, would be for the trial judge to explain in the order why discovery was allowed from certain individuals.
 {¶ 25} Appellant's first assignment of error is overruled.
 PRIVILEGED DOCUMENTS {¶ 26} In response to Sahady's request for production of documents, the trial court ordered that the State produce "all witness statements, all interview reports, and psychological records of Michael Sahady."[1]
 {¶ 27} In its second assignment of error, the State contends that the trial court erred in ordering the production of these records from CCDCFS because the records are absolutely privileged and, therefore, protected from disclosure under Ohio law. In its third assignment of error, the State contends that the trial court erred in ordering production of the documents without conducting an in camera review. We consider these assignments of error together because they are related.
 {¶ 28} In Child Care Provider Certification Dept. v. Harris (Dec. 4, 2003), Cuyahoga App. No. 82966, this court considered whether CCDCFS records are absolutely privileged. We stated:
 {¶ 29} "Although the CCDCFS's records are afforded confidentiality under R.C. 5153.17 and R.C. 2151.421(H)(1), this confidentiality is not absolute. See Johnson v. Johnson (1999), 143 Ohio App.3d 579, 582; Sharpev. Sharpe (1993), 85 Ohio App.3d 638. The proper procedure for determining the availability of such records is for the trial court to conduct an in camera inspection to determine the following: 1) whether the records are necessary and relevant to the pending action; 2) whether good cause has been shown by the person seeking disclosure; and 3) whether their admission outweighs the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1). Johnson,134 Ohio App.3d at 585.
 {¶ 30} "* * *
 {¶ 31} "In determining whether `good cause' has been shown, the consideration is whether it is in the `best interests' of the child, or the due process rights of the accused are implicated. See Johnson,134 Ohio App.3d at 583; 1991 Ohio Atty.Gen.Ops. No. 91-003. In order to protect the due process rights of the accused, access to the CCDCFS's * * * investigation records may be required when the records are material to the defense or fair trial considerations are at stake. See State v.Renfro (1990), 54 Ohio St.3d 25, 29; State v. Meadows, Scioto App. No. 99CA2651, 2001-Ohio-2510; 1991 Ohio Atty.Gen.Ops. No. 91-003."
 {¶ 32} Although the discussion in Harris was not in the context of producing documents for a sexual offender classification hearing, the same rationale applies. Thus, contrary to the State's arguments, CCDCFS records are not absolutely privileged. Where the records are necessary and relevant to the proceeding and good cause for disclosure has been shown, access to the records may be warranted.
 {¶ 33} The trial court should, however, conduct an in camera review of the documents prior to ordering their production. Moreover, in light of the extremely sensitive nature of the information contained in CCDCFS records, the potentially chilling effect on encouraging citizens to report abuse, and the potential harm to those reporting abuse that the disclosure of such records might cause, we caution the trial court that the sole issue presented by the sexual offender classification hearing is Sahady's propensity to reoffend. Thus, the trial court should review the documents with this consideration in mind. Only those CCDCFS documents that relate to this issue should be disclosed.
 {¶ 34} In light of the foregoing, the trial court abused its discretion in ordering CCDCFS to produce documents without reviewing the documents in camera prior to ordering their production.
 {¶ 35} Appellant's second assignment of error is overruled; appellant's third assignment of error is sustained.
 EXPERT WITNESS {¶ 36} In its fourth assignment of error, the State argues that the trial court erred in ordering that Sahady be provided an expert witness, at the State's expense.
 {¶ 37} As a matter of due process, indigent defendants are entitled to receive the basic tools of an adequate defense, which may include provision of expert psychiatric assistance. State v. Mason (1998),82 Ohio St.3d 144, 149. Such expert testimony at State expense may be authorized where the defendant makes a particularized showing of 1) a reasonable probability that the requested expert would aid in his defense, and 2) that denial of the requested expert assistance would result in an unfair trial. State v. Taylor (Dec. 7, 2000), Cuyahoga App. No. 76527, citing Mason, supra, at the syllabus.
 {¶ 38} The decision to permit this evidence, or not, is left to the sound discretion of the trial court. Thus, we review the lower court decision applying an abuse of discretion standard. Wilmington SteelProducts, 60 Ohio St.3d at 122.
 {¶ 39} In his motion for appointment of an expert, Sahady requested that the trial court appoint Dr. Melvin Guyer, a research psychologist and professor at the University of Michigan, as his expert. Sahady asserted that Dr. Guyer "is an expert in the field of sexual abuse eyewitness evidence, and his expertise is vital to determining the defendant's likelihood of recidivism given the defendant's lack of criminal history and previous conviction. Dr. Guyer specializes in analyzing the veracity of children's abuse allegations and related taint produced by the intervention of child abuse investigators, social workers, psychologists, and psychiatrists. Dr. Guyer's expertise is essential because he will examine the State's evidence, which is mainly based on the defendant's past conviction, and provide significant testimony to contradict the State's claims based upon possible taint by abuse investigators."
 {¶ 40} The State contends that the trial court abused its discretion in granting Sahady's motion for the appointment of Dr. Guyer as an expert witness in this matter because Sahady failed to demonstrate that Dr. Guyer will assist the court in determining his recidivism risk, which is the purpose of the sexual offender classification hearing. Rather, the State contends, because Dr. Guyer's expertise is "analyzing the veracity of children's abuse allegations," it is apparent that Sahady's sole purpose for requesting this particular expert is to attempt to collaterally attack his criminal conviction. We agree.
 {¶ 41} In State v. Eppinger (2001), 91 Ohio St.3d 158, 163, the Ohio Supreme Court noted that:
 {¶ 42} "Admittedly, predicting future behavior of a sex offender, or anyone else, for that matter, is an imperfect science. Nonetheless, R.C. Chapter 2950 requires it, and the evidence presented by a psychologist, psychiatrist or other expert in the field of predicting future behavior
may be the best tool available to the court to assist it in making these determinations." (Emphasis added.)
 {¶ 43} Here, as admitted by Sahady, Dr. Guyer is not an expert in the field of predicting future behavior; he is an expert at assessing whether alleged child victims of sexual abuse are telling the truth or whether their story has been tainted by the intervention of investigators and mental health professionals. The credibility of the victim of Sahady's sexual offenses, however, was already established at trial: the trial judge believed the victim's testimony and found Sahady guilty. The issue in the sexual offender classification hearing is not whether the victim's testimony is to be believed but whether Sahady is likely to sexually reoffend in the future. Thus, Sahady's attempt to re-examine his conviction during his sexual offender classification hearing is impermissible.
 {¶ 44} Because Dr. Guyer is not an expert in the field of predicting future behavior — the sole issue presented to the trial court in a sexual offender classification hearing — the trial court abused its discretion in appointing him as an expert in this matter.
 {¶ 45} Appellant's fourth assignment of error is sustained.
 {¶ 46} Judgment affirmed in part and reversed in part.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and, Calabrese, Jr., J., Concur.
[1] The State routinely provides defendants involved in a sexual offender classification hearing with all of the evidence the State intends to present at the sexual offender classification hearing. Accordingly, the State does not contest that portion of the trial court's order to the extent that it directs the State to produce documents from the Office of the Cuyahoga County Prosecutor.