[Cite as *Advance Local Media, L.L.C. v. Ohio State Univ.* , 2022-Ohio-321.]

| | |
|---|---|
| ADVANCE LOCAL MEDIA, LLC, DBA CLEVELAND.COM, AND PLAIN DEALER PUBLISHING CO. | Case No. 2021-00596PQ |
| | Judge Patrick E. Sheeran |
| Requester | JUDGMENT ENTRY |
| v. | |
| THE OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} On November 10, 2021, a Special Master recommended dismissal of Requester's Complaint without prejudice pursuant to R.C. 2743.75(C)(2).[1] (Recommendation To Dismiss Without Prejudice, 2.) No party has objected to the Special Master's recommendation.

{¶2} The Special Master states,

On review of the complaint the special master concludes that resolution of this dispute is unlikely to be expeditious if litigated under the procedures available in R.C. 2743.75. Because the parties may not conduct discovery, R.C. 2743.75(E)(3)(a), determination of fact-dependent issues would likely require multiple voluminous inquiries by the special master under R.C. 2743.75(E)(3)(c). Further, records potentially subject to judicial review in

---

[1]     R.C. 2743.75(C)(2) provides:

If the allegedly aggrieved person files a complaint under this section and the court of claims determines that the complaint constitutes a case of first impression that involves an issue of substantial public interest, the court shall dismiss the complaint without prejudice and direct the allegedly aggrieved person to commence a mandamus action in the court of appeals with appropriate jurisdiction as provided in [R.C. 149.43(C)(1)].

Here, the Special Master has not concluded that Requester's Complaint constitutes a case of first impression that involves an issue of substantial public interest, which, in turn, under R.C. 2743.75(C) would require dismissal of the Complaint without prejudice and an order directing Requester to commence a mandamus action in a court of appeals with appropriate jurisdiction.

camera for applicability of claimed exceptions and extent of permitted redaction include at least 161 victim/witness interviews (Complaint at 2) and an unknown number of communication records. In contrast, civil discovery and less restrictive timelines are available to the requester in a mandamus action filed pursuant to R.C. 149.43(C)(2). (Recommendation To Dismiss Without Prejudice, 2.)

{¶3} The Court finds that, in this instance, the Special Master's recommendation to dismiss Requester's complaint without prejudice is well taken under R.C. 2743.75(D)(2). Pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." The Court agrees with the Special Master's view that, under the circumstances of this case, civil discovery and less restrictive timelines may be available to Requester in a mandamus action filed under R.C. 149.43. *See* R.C. 149.43(C)(1)(b) (permitting a mandamus action to obtain a judgment that orders compliance with R.C. 149.43(B)).

{¶4} Accordingly, pursuant to R.C. 2743.75(D)(2), the Court sua sponte dismisses Requester's Complaint without prejudice in accordance with the Special Master's recommendation. Court costs are assessed to Requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed January 25, 2022**
**Sent to S.C. Reporter 2/4/22**