**[Cite as *Meros v. Atty. Gen.*, 2023-Ohio-1490.]**

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| THOMAS L. MEROS | Case No. 2023-00146PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| OFFICE OF OHIO ATTORNEY GENERAL DAVE YOST | |
| Respondent | |

{¶1} This matter is before the Special Master upon a R.C. 2743.75(D)(2) review of the complaint. Based on that review, the Special Master recommends that this case be dismissed without prejudice.

### I.      Background.

Requester/Relator Thomas Meros ("Meros") was formerly an attorney who practiced in Cuyahoga County. He alleges that various Cuyahoga County judges, lawyers, and federal officials engaged in a long running criminal conspiracy against him and others. He further alleges that he reported that conspiracy to the Organized Crime Investigation Commission, part of the Ohio Attorney General's office, and that individuals within the Attorney General's office joined in the conspiracy in various ways. See generally, *Miscellaneous Filing*, made February 27, 2023 ("*Complaint/Petition*").[1]

{¶2} The Complaint/Petition alleges several legal claims based on those facts. The most prominent are alleged violations of the criminal laws. *Id.* at ¶¶ 7, 8, 38, 73, 104, 105, 107, 127, 128, 139, 140, 155, , 201.

---

[1] Although the Court's docket references a complaint filed February 23, 2023, a review of that filing, along with the February 27 Complaint/Petition and the correspondence covering those submissions, reveals the February 23 filing was not the pleading intended to initiate this case. Instead, the February 27 Complaint/Petition was intended to be the pleading that set forth Meros' allegations and the February 23 filing contains the exhibits referenced in the Complaint/Petition.

{¶3} Meros also alleges violations of R.C. 149.43 in connection with his public records requests to the Attorney General's office. He asserts that he requested records connected to its investigation of the conspiracy and records related to actions to collect a tax dept he allegedly owes. He asserts, among other things, that more responsive records exist than the Attorney General's office produced and seeks to conduct discovery on that question. *Id.* at ¶¶ 56, 91, 210, 236, 272, 325.

{¶4} Those claims are asserted in a pleading that purports to be both a complaint filed pursuant to R.C. 2743.75 and a petition for mandamus. *Id.* at pp. 3, 4, 5, 13 ¶ 1, 14 ¶ 2.[2]

{¶5} The Special Master disclosed his prior affiliation with the Attorney General's office and instructed the parties to object to his involvement in the case if they perceived a problem. *Order*, entered March 16, 2023. No party objected within the specified time.

## II.   Analysis.

### A.  Dismissal.

{¶6} When a complaint is filed under R.C. 2743.75, "the clerk of the court of claims shall assign *** a special master to examine the complaint." R.C. 2743.75(D)(2). That statute further provides that "upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." A case is properly dismissed pursuant to R.C. 2743.75(D)(2) if asserts claims beyond the Court's jurisdiction or if it will require discovery for its efficient resolution, something not available in cases brought pursuant to R.C. 2743.75. *Isreal v. Franklin Cty. Clerk*, Ct. of Cl. No. 2019-00547PQ, 2019-Ohio-2630, ¶¶ 2, 8-9 (lack of jurisdiction); *Grant v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2022-00114PQ, 2022-Ohio-1619, ¶¶ 2, 6 (discovery); *Advance Local Media, LLC v. Ohio State Univ.*, Ct. of Cl. No. 2021-00596PQ, 2022-Ohio-321 (same). The Special Master finds that both of those grounds are present here.

{¶7} *This Court lacks jurisdiction over all, or at least large portions of, Meros' claims.* That is true in two respects.

---

[2] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings.

{¶8} First, Meros is seeking relief in mandamus, relief this Court lacks jurisdiction to grant. R.C. 2731.02 does not include the Court of Claims in the list of courts authorized to grant mandamus relief and the cases have repeatedly held that this Court lacks jurisdiction over mandamus claims. *Dancy v. Molitoris*, 10th Dist. Franklin No. 09AP-749, 2010-Ohio-1382, ¶ 5 (collecting cases). Although Meros utilized this Court's form to file a "complaint" under R.C. 2743.75, he did so to merely to cover what is undeniably a petition for a writ of mandamus. It is brought in in the name of the state on the relation of Meros, and is verified by affidavit as required by R.C. 2731.04. It is expressly captioned as a "Verified Petition for Writ of Mandamus." *Complaint/Petition* at pp. 2-5. All relief sought via that petition, the entirety of the relief sought here, is therefore beyond this Court's jurisdiction.

{¶9} Second, much of the *Complaint/Petition* asserts that the Individual Respondents violated the criminal law. *Id.* at ¶¶ 7, 8, 38, 73, 104, 105, 107, 127, 128, 139, 140, 155, 156, 201. Those claims are beyond this Court's jurisdiction because "the Court of Claims does not have jurisdiction to determine whether or not a crime has occurred[.]" *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 19AP-743, 2020-Ohio-3191, ¶ 16 (quoting *Evans v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 18AP-713, 2019-Ohio-3788, ¶ 12).

{¶10} *The fact intensive nature of Meros' claims combines with this Court's limited fact-finding capabilities to warrant dismissal.* R.C. 2743.75 was intended to provide a process for addressing public records disputes that can be resolved "efficient[ly]" without discovery. *Grant*, 2022-Ohio-1619, ¶ 4, n. 1; R.C. 2743.75(E)(3)(a). This Court has therefore dismissed cases that cannot be efficiently adjudicated because they involve factual disputes that cannot be resolved without discovery and are unlikely to be resolved through mediation. Requestors pressing such claims are instead left to pursue them through mandamus proceedings in courts where discovery is permitted. *Id.* at ¶¶ 2, 6; *Advance Local Media*, 2022-Ohio-321, ¶ 2.

{¶11} This is such a case. Meros' primary public records contention is that more records exist than Respondents have produced, an inherently factual question. He therefore seeks to conduct discovery on that question, something that R.C.

2643.75(E)(3)(a) prohibits. That, along with the unavailability of evidentiary hearings, leaves the Court with no efficient way to resolve that fact question. See *Grant*, 2022-Ohio-1619, ¶ 4; *Advance Local Media*, 2022-Ohio-321; *Welsh-Huggins v. Office of the Prosecuting Atty.*, Ct. of Cl. No. 2018-00793PQ, 2019-Ohio-964, ¶ 11 (no evidentiary hearings in R.C. 2743.75 cases). And given Meros' vehemence, it is unlikely that his claims will be resolved through mediation. In short, the Court will likely be faced with factual questions it has no efficient way to resolve. The Special Master therefore recommends that this case be dismissed without prejudice, leaving Meros' free to pursue his claims in courts with greater fact-finding capability.

### B. Costs.

{¶12} Costs should be assessed against Meros pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

### III. Conclusion.

In light of the foregoing the Special Master recommends that:

A. The Court dismiss this case without prejudice pursuant to R.C. 2743.75(D)(2); and

B. Costs be assessed against Meros.

{¶13} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed April 4, 2023**
**Sent to S.C. Reporter 5/4/23**