[Cite as *Wilson v. Montgomery Cty. Dept. of Job & Family Serv.*, 2025-Ohio-474.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ANTHONY L. WILSON | Case No. 2024-00675PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| MONTGOMERY COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} This matter is before me following a R.C. 2743.75(D) review of the record. Based on that review, I recommend that the court dismiss this case without prejudice because this court lacks the capacity to resolve the central claim presented.

## I. Background.

{¶2} Requester Anthony Wilson's children are the subjects of four cases (the "Juvenile Cases") in the Montgomery County Court of Common Pleas, Juvenile Division (the "Juvenile Court"). He requested records from the Children's Services Division of the Respondent Montgomery County Department of Jobs and Family Services ("MCJFS") for use in those cases. MDJFS produced some records, but withheld others. *PQ Miscellaneous*, filed December 5, 2024 ("*Requester's Evidence*"), USB Drive, videotapes of hearings held December 12, 2023, February 10, 2023, April 24, 2023, July 14, 2023, November 14, 2023, and May 2, 2024 in Case Nos. 2022-5308, 2022-5310, 2023-2002, and 2023-2003 in the Juvenile Court; *Sealed Records*, filed December 5, 2024, pp. 2058-2086; *Complaint*, filed September 10, 2024, pp. 2-6.

{¶3} Mr. Wilson filed this case to dispute those withholdings. Mediation did not resolve the case, so a schedule was set, and later modified, for MDJFS to file the withheld records for camera review and for both parties to submit evidence and memoranda

supporting their positions. Those submissions have all been made. *Id.*; *Order Terminating Mediation* entered November 19, 2024; *Order*, entered December 19, 2024.

## II.  Analysis.

### A. This case should be dismissed without prejudice pursuant to R.C. 2743.75(D)(2) because this court lacks the capacity to resolve the central issue in this case.

{¶4} R.C. 2743.75(D)(2) provides that "upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." A case is properly dismissed pursuant to R.C. 2743.75(D)(2) if asserts claims beyond the court's capacity to resolve. For example, a R.C. 2743.75(D)(2) dismissal is appropriate if the court lacks jurisdiction over the claims presented. *Isreal v. Franklin Cty. Clerk*, 2019-Ohio-2630, ¶¶ 2, 8-9 (Ct. of Cl.). Similarly, such a dismissal is appropriate if the case presents fact issues that this court cannot resolve because of the unavailability of discovery and evidentiary hearings in R.C. 2743.75 cases. *Grant v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-1619, ¶¶ 2, 6 (Ct. of Cl.); *Advance Local Media, LLC v. Ohio State Univ.*, 2022-Ohio-321 (Ct. of Cl.). After reviewing the parties' submissions, it has become clear that this should be dismissed pursuant to R.C. 2743.75(D)(2).

{¶5} The central issue here is whether Mr. Wilson can access the records MDJFS withheld from him pursuant to R.C. 2151.421 and R.C. 5153.17. Those statutes make certain records related to the alleged abuse or neglect of children confidential. An in camera review of the records filed as pp. 1357-2058 of the *Sealed Records* (the "Confidential Records") reveals that they are indeed covered by those statutes, and Mr. Wilson does not dispute that, but that is not the end of the matter.

{¶6} As Mr. Wilson correctly points out, a party can access records otherwise protected by R.C. 2151.421 and R.C. 5153.17 if he shows "good cause" for granting him access. Good cause exists if access would be in the best interests of the children involved or if access is necessary to prevent a denial of due process. The determination of whether good cause exists is usually made by the trial court presiding over the proceedings where the records would be used. *State ex rel. Clough v. Franklin Cty. Children Servs.*, 2015-Ohio-3425, ¶ 24; *Johnson v Johnson*, 134 Ohio App.3d 579, 583-584 (3d Dist. 1999);

*State v Sahady*, 2004-Ohio-3481, ¶¶ 29-33 (8th Dist.); *Swartzentruber v. Orrville Grace Brethren Church*, 2005-Ohio-4264, ¶ 9 (9th Dist.).

{¶7} Mr. Wilson's claim is that good cause exists for him to access the Confidential Records. However, there are two reasons why this court lacks the capacity to evaluate that claim.

{¶8} First, it is far from certain that this court has jurisdiction to decide that issue. The "jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. Dewine v. Court of Claims of Ohio*, 130 2011-Ohio-5283, ¶ 21. That jurisdiction is fixed by R.C. Chapter 2743. The existence of good cause to override the confidentiality provided by R.C. 2151.421 and R.C. 5153.17 is primarily a domestic relations matter and nothing in R.C. Chapter 2743 gives this court jurisdiction over such matters.

{¶9} Second, assuming that this court has jurisdiction, it has no way to resolve the factual issues inherent in determining whether good cause exists. The existence of good cause based on the best interests of the children involved would unavoidably raise disputed questions of fact and the unavailability of discovery and evidentiary hearings in cases brought under R.C. 2743.75 makes it impossible for this court to resolve those questions. And to the extent good cause is based on denial of due process in the Juvenile Cases, this court has no way to gather evidence on or intelligently evaluate what is at issue in those proceedings or the protected materials' relevance to those issues.

{¶10} I therefore recommend that this case should be dismissed without prejudice so that Mr. Wilson can seek the records in the Juvenile Court.

## B. Requester should bear the costs of this case.

{¶11} Costs should be assessed against requester pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

## III.  Conclusion.

{¶12} In light of the foregoing I recommend that:

1.  The court dismiss this case without prejudice pursuant to R.C. 2743.75(D)(2).
2.  Requester bear the costs of this case.

_____

TODD MARTI
Special Master

**Filed January 14, 2025**
**Sent to S.C. Reporter 2/13/25**