[Cite as *Helfrich v. Ward*, 2020-Ohio-3336.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JAMES HELFRICH | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J. |
| Relator | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2020 CA 00028 |
| JUDGE MICHAEL WARD | |
| Respondent | O P I N IO N |


CHARACTER OF PROCEEDINGS:      Writ of Prohibition


JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      June 12, 2020


APPEARANCES:


For Relator      For Respondent

JAMES HELFRICH      HONORABLE MICHAEL WARD
P.O. Box 921      10 N. May Avenue
Pataskala, Ohio  43062      Athens, Ohio  45701

*Hoffman, P.J.*

{¶1} On March 18, 2020, Relator, James Helfrich, filed a Writ of Prohibition against Respondent, Judge Michael Ward. Mr. Helfrich challenges various orders issued by Judge Ward with regard to Mr. Helfrich's status as a vexatious litigator.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶2} In 2011, the Licking County Common Pleas Court declared Mr. Helfrich a "vexatious litigator" under R.C. 2323.52. (Writ at ¶ 2) Following this finding, Judge Richard Markus, the presiding judge, filed guidelines with the Licking County Clerk regarding how Mr. Helfrich should proceed with the filing of cases in the future. (*Id.*) Mr. Helfrich alleges the instructions were not an entry or an order and since they were issued post-trial, he did not have an opportunity to appeal.[1] (*Id.*) Among other things, these instructions require Mr. Helfrich to type his complaints and submit an affidavit with any Application to Proceed that is filed with the trial court opining the contents of the application are true and accurate. (*Id.* at ¶ 3)

{¶3} Mr. Helfrich further asserts for the past nine years he has been subjected to these rules and regulations that are not specifically provided for in the vexatious litigators' statute. (*Id.* at ¶ 4) He contends the typing and affidavit requirements are being used to deny valid complaints he seeks to file and once denied, the trial court orders the payment of court costs. (*Id.* at ¶ 2) However, if an Application to Proceed is granted Mr. Helfrich alleges Judge Ward does not impose court costs and instead imposes them in the matter that is allowed to proceed. (*Id.* at ¶ 5) Mr. Helfrich also alleges Judge Ward

---

[1] This allegation is inaccurate as Mr. Helfrich challenged the filing instructions contained in a Judgment Entry issued on March 15, 2011 in the case of *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933. We concluded res judicata barred him from relitigating the matter because he previously raised it in a writ action. *Id.* at ¶ 4.

"takes it to a whole new level. He even goes back to former entries and assesses costs as a form of punishment." (*Id.*)

**{¶4}** Mr. Helfrich maintains he is entitled to a writ of prohibition because under the Ohio Revised Code, no language allows a trial court judge to assess court costs unless done so in a legal proceeding. (*Id.* at ¶ 6) He asserts an Application to Proceed is a screening process, not a legal proceeding. (*Id.* at ¶ 4) Thus, Mr. Helfrich concludes Judge Ward should be prohibited from ordering the clerk of courts to assess courts costs for Applications to Proceed that are denied. (*Id.* at ¶ 9)

**{¶5}** In addition to the relief he seeks regarding courts costs, Mr. Helfrich also reviews specific cases to support additional relief he requests against Judge Ward. Mr. Helfrich references an Application to Proceed against Ashton Cook he filed on August 20, 2019. (*Id.* at ¶ 10) Judge Ward denied the application on September 10, 2019 because he wanted to see the complete accident report and communications between Mr. Helfrich and his insurance carrier. (*Id.*) With Judge Ward requesting this additional information, Mr. Helfrich questions why he had to file an affidavit as to the accuracy of the complaint. (*Id.*) Mr. Helfrich points out Judge Ward also instructed him, in the September 10, 2019 entry, "to provide information regarding his efforts and intentions to pay any unpaid court costs." (*Id.* at ¶ 11)

**{¶6}** Mr. Helfrich subsequently provided the complete police report and his communications with his insurance carrier. (*Id.* at ¶ 12) Judge Ward granted Mr. Helfrich's Application to Proceed on September 30, 2019, and again ordered him to address the court costs issue. (*Id.*) Thereafter, Mr. Helfrich took Judge Ward's September 30, 2019 entry and wrote "NONE" across the top of the entry and filed it with the clerk. (*Id.* at ¶ 13).

**{¶7}** Another example provided by Mr. Helfrich concerns an eviction matter with Brittany Britt. He reviews the entire procedural history of this eviction proceeding at paragraphs 24-26 of the writ. With regard to evictions, Mr. Helfrich challenges two actions taken by Judge Ward. First, Mr. Helfrich challenges Judge Ward's order that requires him to post a three-day notice, wait for it to expire, and then wait 35 days before filing an Application to Proceed. (*Id.* at ¶ 15) Second, Mr. Helfrich challenges Judge Ward's requirement that he file an affidavit regarding where he posted the three-day notice on the property. (*Id.* at ¶ 16)

**{¶8}** Mr. Helfrich concludes his writ by requesting the following relief: (1) prohibit the trial court from modifying previous entries and assessing court costs; (2) prohibit the trial court from requiring affidavits; (3) prohibit the trial court from denying a summary proceeding until 35 days after he serves a three-day notice to file an Application to Proceed to start an eviction proceeding; (4) prohibit the trial court from ordering him to detail his attempts or intent to pay court costs; and (5) prohibit the trial court from arbitrarily modifying the intent of the vexatious litigators' statute. (*Id.* at ¶¶ 33-37)

**{¶9}** On April 8, 2020, Judge Ward filed a Motion to Dismiss Writ of Prohibition; Civ.R. 12(B)(6). Mr. Helfrich moved to strike Judge Ward's motion because it was not double-spaced as required by Loc.App.R. 9(C). We granted Judge Ward leave to file an amended motion in order to comply with the local rule, which he did on May 28, 2020.

### STANDARD OF REVIEW AND ELEMENTS FOR WRIT OF PROHIBITION

**{¶10}** Judge Ward moved to dismiss Mr. Helfrich's Writ of Prohibition under Civ.R. 12(B)(6). The Ohio Supreme Court explained the Civ.R. 12(B)(6) standard in the

context of prohibition relief in *State ex rel. Conkle v. Sadler*, 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8 (citations omitted):

> The Civ.R. 12(B)(6) dismissal of * * * [relator's] prohibition complaint for failure to state a claim upon which relief can be granted [is] justified if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [relator's] favor, it appear[s] beyond doubt that [relator can] prove no set of facts entitling [him] to the requested extraordinary writ of prohibition.

{¶11} The requisites Mr. Helfrich must establish to be entitled to relief in prohibition are: (1) Judge Ward is about to exercise judicial power; (2) the exercise of judicial power by Judge Ward is unauthorized by law; and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 161, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus.

{¶12} Thus, absent an unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law by way of an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Loc. School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489,

491, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 504, 1992-Ohio-132, 597 N.E.2d 116.

{¶13}  Further, this Court has discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973), paragraph one of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." (Citations omitted.) *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). The issuance of such a writ should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Court of Common Pleas Tuscarawas Cty.*, 137 Ohio St. 273, 277, 28 N.E.2d 641 (1940). However, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 176, 529 N.E.2d 1245 (1988).

**ANALYSIS**

{¶14}  We will address Mr. Helfrich's grounds for relief within the framework of the elements that must be established to be entitled to relief in prohibition.

{¶15}  Judge Ward's exercise of judicial authority

{¶16}  The first and second elements Mr. Helfrich must establish to be entitled to a writ of prohibition is that Judge Ward is about to exercise judicial power and his exercise of that power is unauthorized by law. Mr. Helfrich cannot satisfy the first element with regard to most of his claims for relief because the exercise of judicial power that he complains about has already occurred. Mr. Helfrich supports his arguments by referencing two cases in which he was or is presently involved. According to Mr. Helfrich,

the eviction proceeding has concluded (Writ at ¶ 26) and the other case, a personal injury matter, presumably remains pending.

{¶17}  In the context of these two cases, Judge Ward has already taken the action about which Mr. Helfrich complains. Judge Ward modified previous entries and assessed court costs (Writ at ¶ 32, January 16, 2020 Judgment Entry); required Mr. Helfrich to file affidavits to support his signature on a complaint (*id.* at ¶ 30, January 16, 2020 Judgment Entry); ordered Mr. Helfrich to wait 35 days after service of a three-day notice in an eviction proceeding to file an Application to Proceed (*id.*, January 16, 2020 Judgment Entry); and ordered Mr. Helfrich to detail his attempts to pay court costs (*id.* at ¶ 11, September 10, 2019 Judgment Entry).

{¶18}  Despite the fact these challenged acts have occurred where a court lacks jurisdiction, "a writ of prohibition will [also] be allowed to arrest the continuing effect of an order issued by [a] court, even though the order was entered on the journal of the court prior to the application for the writ of prohibition." *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 330, 285 N.E.2d 22 (1972), paragraph two of the syllabus. This appears to be the basis of Mr. Helfrich's requested relief because he raises concerns that these actions taken by Judge Ward will continue in future matters. Therefore, because this relief could theoretically still be obtained, it is not moot. *See State of Ohio ex rel. Sponaugle v. Hein*, 2nd Dist. Darke No. 16 CA 00007, 2017-Ohio-1210, 87 N.E.3d 722, ¶ 29, where the court allowed a writ of prohibition to proceed where complaint sought " 'to correct the results of [judge's] prior unauthorized actions.' "

{¶19}  "To vacate previous actions with a writ of prohibition, courts generally require a patent and unambiguous lack of jurisdiction." *Id.* at ¶ 30, citing *State ex rel.*

*V.K.B. v. Smith*, 142 Ohio St.3d 469, 2015-Ohio-2004, 32 N.E.3d 452, ¶ 8; *Gusweiler* at

329-330. Thus, we must determine whether Judge Ward lacked jurisdiction to take the

actions Mr. Helfrich challenges herein. Having reviewed the actions Mr. Helfrich

challenges in his writ, we find Judge Ward's actions are supplemental procedures

implemented to specifically address Mr. Helfrich's vexatious litigator conduct. These are

not actions by Judge Ward to arbitrarily modify the vexatious litigators' statute.

{¶20} Further, this Court previously determined in *In re Helfrich*, 5th Dist. Licking

No. 13CA20, 2014-Ohio-1933, ¶ 37, where Mr. Helfrich challenged the requirement that

he submit typewritten applications supported by affidavits, that "there is no indication * *

* any statute precludes a trial court from prescribing supplemental procedures when

appropriate for a specific vexatious litigator." Therefore, we find Judge Ward did not

patently and unambiguously lack jurisdiction to take these actions as they fall within his

inherent authority.

{¶21} As explained in *Smith v. Ohio Dept. of Human Servs.*, 115 Ohio App.3d 755,

759, 686 N.E.2d 320 (12th Dist.1996):

> Among the inherent powers possessed by the courts of common
>
> pleas in Ohio is the power to secure the orderly administration of justice and
>
> safeguard against conduct which would impair the free exercise of judicial
>
> functions. (Citation omitted.) Thus, a court has the inherent power to do all
>
> things necessary to ensure the administration of justice and to protect its
>
> own powers and processes. (Citation omitted.)

Several Ohio courts of appeals have held that these inherent powers include the ability to limit a particular litigant's access to the courts or to prevent further or additional filings in a specific case. (Citations omitted.) The exercise of this inherent power is discretionary, and a decision of a common pleas court involving the use of its inherent powers is reviewable for a determination of an abuse of discretion. (Citation omitted.)

**{¶22}** *See also Mayer v. Bristow*, 91 Ohio St.3d 3, 17, 740 N.E.2d 656 (2000) ("[T]he ability to curb frivolous litigation practices is an essential part of the inherent powers of courts to control and protect the integrity of their own processes * * *")

**{¶23}** Here, Mr. Helfrich challenges various requirements imposed by Judge Ward that he has the jurisdiction and inherent authority to impose. Consistent with our holding in *In re Helfrich*, we find no statute precludes Judge Ward from imposing these requirements on Mr. Helfrich.

**{¶24}** Further, with regard to the payment of court costs in Applications to Proceed that are ultimately denied, we find Judge Ward has jurisdiction to assess these costs. " 'The duty to pay court costs is a civil obligation arising from an implied contract.' " *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20, *superseded by statute (R.C. 2947.23)*, quoting *Strattman v. Studt*, 20 Ohio St. 2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus. Whether in a civil or criminal case, a litigant's involvement in court proceedings renders him liable, by implied contract, for the payment of court costs. *Id.*, quoting *Strattman* at paragraph six of the syllabus. " '[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing

the court system." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, *superseded by statute (R.C. 2947.23)*, quoting *Strattman* at 102.

**{¶25}** In addition to this civil obligation and implied contract that arises from Mr. Helfrich's filing of his Applications to Proceed, statutory authority mandates that costs be taxed to all parties. Mr. Helfrich erroneously maintains that under the Revised Code no language allows the assessment of costs unless in a legal proceeding. (Writ at ¶ 6) This is incorrect. R.C. 2335.18 provides: "The costs of the parties in all *actions, motions, and proceedings*, in any of the courts of this state, shall be taxed and entered of record separately." (Emphasis added.) Thus, court costs must be taxed in all "actions, motions, and proceedings," not just legal proceedings as claimed by Mr. Helfrich. Black's Law Dictionary defines an "application" as "[a] putting to, placing before, preferring a request or petition to or before a person. The act of making a request for something. * * *" We find Mr. Helfrich's applications are therefore akin to motions. *Black's Law Dictionary* 98-99 (6th Ed. 1990).

**{¶26}** Mr. Helfrich also argues according to the Ohio Supreme Court, an Application to Proceed is a screening process, not a legal proceeding. (Writ at ¶ 4). He cites no case law authority for this statement. Instead, we view Mr. Helfrich's unsuccessful Applications to Proceed as motions he is required to file because he is a vexatious litigator. The clerk of courts dockets these applications on the miscellaneous docket in case number 2011 MD 0006 (Writ at ¶ 8) just as the clerk would do when a document or pleading is filed in any other action, motion, or proceeding.

**{¶27}** Further, R.C. 2303.20 requires the clerk of the common pleas court to charge certain fees for services provided. This statute specifically addresses the following

services by the clerk: Under section (A) of this statute, twenty-five dollars for each cause of action which shall include the following: docketing in all dockets (R.C. 2303.20(A)(1); filing necessary documents, noting the filing of the documents on the dockets (R.C. 2303.20(A)(2); noting on the appearance docket all papers mailed (R.C. 2303.20(A)(5); preparing cost bill (R.C. 2303.20(A)(8); entering costs on docket and cash book (R.C. 2303.20(A)(10); two dollars for issuing each writ, order, or notice (R.C. 2303.20(C); and two dollars for each page, for entering on journal, indexing, and posting on any docket (R.C. 2303.20(F).

**{¶28}** The clerk is mandated by R.C. 2303.20 to charge for these services rendered. Even though Mr. Helfrich may ultimately be unsuccessful because his Application to Proceed is denied, the clerk of courts still processes the application and incurs costs in doing so. If Mr. Helfrich does not pay for the clerk's services, the burden will be placed upon Ohio's taxpayers and we see no reason why the taxpayers should be required to pay for Mr. Helfrich's unsuccessful Applications to Proceed. If he chooses to use the services provided by the clerks' office and court system, he must pay for them. By filing Applications to Proceed, even those that are unsuccessful, Mr. Helfrich has entered into an implied contract to pay for the services that are required to process his Applications. It makes no difference the application may ultimately be denied.

**{¶29}** Finally, we note Mr. Helfrich does not challenge the trial court's exercise of jurisdiction over him and it is Mr. Helfrich himself who has invoked the jurisdiction of the trial court and acquiesced to it by filing Applications to Proceed. The trial court also does not lack jurisdiction over the subject matter as it is the court that designated Mr. Helfrich a vexatious litigator, which it had the statutory authority to do under R.C. 2323.52.

**{¶30}** For these reasons, we find the trial court did not lack jurisdiction to take any of the actions Mr. Helfrich challenges in his writ of prohibition. Such actions are well within the trial court's inherent authority. Therefore, we conclude Judge Ward had the judicial authority to take the actions Mr. Helfrich now challenges and in doing so, the trial court did not abuse its discretion.[2]

**{¶31}** Finally, even if we were to find the trial court exercised its jurisdiction erroneously and abused its discretion when it imposed the requirements Mr. Helfrich challenges in his writ, "[t]he mere fact that [the judge] may have exercised that jurisdiction erroneously does not give rise to the extraordinary relief through a writ of prohibition. It is well-settled that '[p]rohibition does not lie to prevent a merely erroneous decision by the court.' " *State ex rel. Sponaugle v. Hein*, 2017-Ohio-1210, 87 N.E.3d 722, ¶ 36, quoting *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995).

**{¶32}** <u>Existence of an adequate remedy at law</u>

**{¶33}** Having determined Judge Ward did not lack jurisdiction in this matter, Mr. Helfrich must show he lacks an adequate remedy at law to be entitled to prohibition relief. We start this analysis with the general proposition that if Judge Ward did not patently and unambiguously lack jurisdiction, an appeal is generally "considered an adequate remedy that will preclude a writ of prohibition." *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 8.

**{¶34}** Paragraphs seven and eight of Mr. Helfrich's writ address the adequate-remedy-at-law issue. Mr. Helfrich contends:

---

[2] For a case that discusses lack of judicial authority *see State ex rel. Durrani v. Ruehlman*, 147 Ohio St.3d 478, 2016-Ohio-7740, 67 N.E.3d 769, where the Ohio Supreme Court granted a writ of prohibition because a trial court judge did not have judicial authority to consolidate and reassign a large number of medical malpractice cases to his docket.

7. There is no means to challenge any order or instruction that comes from an entry from an Application to Proceed. This action involves those entries in case #2011MD0006.

8. The Trial Court instructed the Clerk to file every single application to proceed and caption it with a trial case number 2011 MD 0006. MD stands for Miscellaneous docket. The instruction to caption everything as 2011MD0006 has brought countless problems as you can imagine, it is an endless filing and the case always remains open. To demonstrate how confusing this is, over the past years, there have been 48 entries filed in Case#2011MD0006. At points, it becomes so confusing that the Trial Court is ruling res-judicata to completely separate actions.

**{¶35}** (Writ at ¶¶ 8, 9)

**{¶36}** Mr. Helfrich's argument that he does not have an adequate remedy at law focuses on a challenge to judgment entries filed on the miscellaneous docket in Case Number 2011 MD 0006. However, by way of an appeal, Mr. Helfrich challenged the March 15, 2011 trial court order containing the procedural requirements for his applications to proceed after he was declared a vexatious litigator. *See In re Helfrich*, 2014-Ohio-1933, at ¶ 33. This demonstrates Mr. Helfrich has had the opportunity to challenge by direct appeal at least one of the requirements that he challenges herein (i.e. typing requirement).

**{¶37}** Further, although R.C. 2323.52(G) provides the denial of leave to proceed is not appealable this statute does not deny Mr. Helfrich the right to file an Application to Proceed in this Court asking for leave to appeal the imposition of court costs in those cases where his Applications to Proceed have been denied. The imposition of court costs is a matter separate and apart from the subject of an Application to Proceed.

**{¶38}** Also, original actions are not the proper mechanisms to challenge the imposition of courts costs. Therefore, with regard to court costs, Mr. Helfrich has an adequate remedy at law. See the following cases where the Court denied relief via an original action with regard to the imposition of court costs: *State ex rel. Recker v. Putnam Cty. Clerk of Courts*, 87 Ohio St.3d 235, 236, 718 N.E.2d 1290 (1999) ("Recker had an adequate legal remedy by appealing the common pleas court's costs order."); *State ex rel. Whittenberger v. Clarke*, 89 Ohio St.3d 207, 208, 729 N.E.2d 756 (2000) ("Whittenberger had an adequate remedy by appeal to challenge the common pleas court's imposition of court costs."); and *Hutton v. McMonagle*, 8th Dist. Cuyahoga No. 78821, 2001 WL 664139, *1 ("Although relator did not challenge costs as part of his direct appeal, the availability of appeal was an adequate remedy. As a consequence, relief in mandamus is not appropriate.")

**{¶39}** Thus, Mr. Helfrich has an adequate remedy at law by way of an appeal if this Court was to grant his Application to Proceed. The same would hold true with regard to the other challenges Mr. Helfrich raises, including the alleged modification of previous orders, affidavit requirement, and the 35-day delay of summary proceedings. All of these requirements are procedural in nature and have nothing to do with the merits of the underlying case presented in his Applications to Proceed.  R.C. 2323.52(G) only denies

a vexatious litigator the right to appeal the denial of an application to proceed.  Therefore, these peripheral issues that address "procedural steps" remain open to challenge on appeal if this Court determines such a challenge has merit. Because Mr. Helfrich has an adequate remedy at law to challenge the various issues he raises herein as a basis for prohibition relief, we find Mr. Helfrich fails to state a claim upon which relied could be granted in prohibition.

{¶40}  For the foregoing reasons, we grant Judge Ward's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. See Civ.R. 58(B).


By: Hoffman, P.J.

Gwin, J.  and

Baldwin, J. concur