[Cite as *Helfrich v. Hall & Clerk of Courts*, 2022-Ohio-1852.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JAMES HELFRICH, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JUDGE HOWARD E. HALL & | : | |
| CLERK OF COURTS, | : | |
| | : | |
| Defendant - Appellee | : | |
| | : | Case No. 2021 CA 00077 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County
Court of Common Pleas, Case No.
2011MD0006



JUDGMENT:     Affirmed



DATE OF JUDGMENT:     June 1, 2022



APPEARANCES:

For Plaintiff-Appellant                         For Defendant-Appellee

JAMES HELFRICH, *Pro Se*            CAROLYN J. CARNES
P.O. Box 921                                 Assistant Prosecuting Attorney
Pataskala, Ohio 43062               20 S. Second Street
                                         Newark, Ohio 43055

*Baldwin, J.*

{¶1}   Plaintiff-appellant James Helfrich appeals from the September 20, 2021 Journal Entry of the Licking County Court of Common Pleas granting his Application to Proceed on Complaint Against Jacob Patrick.

STATEMENT OF THE FACTS AND CASE

{¶2}   In 2011, the Licking County Common Pleas Court declared Mr. Helfrich a "vexatious litigator" under R.C. 2323.52.  Pursuant to R.C. 2323.52(F), appellant is required to file an Application to Proceed with the Licking County Court of Common Pleas prior to initiating any new cause of action. At the time of appellant's designation as a vexatious litigator, the court ordered that each application filed by appellant must be filed in the same case number (2011MD0006).

{¶3}   On July 13, 2021, appellant filed an "Application to Proceed with the Following Complaint". Attached to appellant's application was a complaint that appellant sought to file in Licking County Municipal Court against Jacob Patrick for trespass and damage to appellant's property. Appellant sought $2,300.00 in actual damages and $2,000.00 in punitive damages.  Pursuant to a Journal Entry filed on September 20, 2021, the trial court granted appellant's application conditioned on appellant "paying the total court costs due in this action." The trial court noted that appellant owed court costs to the Licking County Clerk of Courts, "including the court costs to be assessed in this application filing."

{¶4}   Appellant now appeals, raising the following assignments of error on appeal:

**{¶5}** "I. DOES A UNITED STATES CITIZEN HAVE THE RIGHT TO CHALLENGE COURT COSTS THROUGH OUR JUDICIAL SYSTEM?"

**{¶6}** "II. DID THE TRIAL COURT ERROR(SIC) WHEN IT PROHIBITED HELFRICH FROM FILING A LEGAL PROCEEDING IN MUNICIPAL COURT UNTIL HELFRICH PAIR(SIC) COSTS IN AN UNRELATED CASE IN COMMON PLEAS COURT?"

**{¶7}** "III. DID THE TRIAL COURT AND/OR THE CLERK OF THE COURT'S ERROR(SIC) WHEN THEY REQUIRED HELFRICH TO PAY $25 TO FILE A DOCUMENT IN A PENDING CASE, SPECIFICALLY AN APPLICATION TO PROCEED?"

**{¶8}** "IV. DID THE TRIAL COURT OR THE CLERK ERROR(SIC) WHEN THEY APPLIED OHIO REVISED CODE 2303.20 TO AN APPLICATION TO PROCEED FILED WITHIN A PENDING CASE?"

**{¶9}** "V. DID THE TRIAL COURT OR THE CLERK ERROR(SIC) WHEN IT SENDS OUT NOTICE OF COSTS TO HELFRICH THROUGHOUT THE PENDENCY OF A CASE WHEN IT DOES NOT FOR ANYONE ELSE?"

**{¶10}** "VI. IS THERE AN ESTABLISHED FEE FOR FILING AN APPLICATION TO PROCEED WITHIN AN EXISTING CASE?"

**{¶11}** Appellant, in his six assignments of error, challenges the trial court's September 20, 2021 Journal Entry ordering him to pay outstanding court costs before it will grant his Application to file a case in Licking Municipal Court.

**{¶12}** Appellant argues, in part, that the requirement that he files an Application to Proceed is a prior restraint on his right to free speech in violation of the First Amendment and denies him access to the court.

**{¶13}** As is stated above, appellant has been determined to be a vexatious litigator as defined by R.C. 2323.52(A)(3). Such section states, in relevant part, as follows: "'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(2) states as follows:

**{¶14}** (2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

**{¶15}** (a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

**{¶16}** (b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

**{¶17}** (c) The conduct is imposed solely for delay.

**{¶18}** R.C. 2323.52 further states as follows:

**{¶19}** (D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas

may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

{¶20} (a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

{¶21} (b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

{¶22} (c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

{¶23} In *Mayer v. Bristow*, 91 Ohio St.3d 3, 2000-Ohio-109, 740 N.E.2d 656, the Ohio Supreme Court held that the General Assembly had exercised a rational policy choice to force a vexatious litigator into a single forum for preliminary review of his filings. Id. at 15, 740 N.E.2d 656. The court noted that access to the courts is not denied regarding legitimate claims. Id. at 14. The court, in *Mayer,* stated, in relevant part, as follows: "the statute is not designed, nor does it operate, to preclude vexatious litigators from proceeding forward on their legitimate claims. Instead, it establishes a screening mechanism under which the vexatious litigator can petition the declaring court, on a case-by-case basis, for a determination of whether any proposed action is abusive or groundless." Id at 14. Appellant must thus apply to the declaring court, which is the Licking County Court of Common Pleas, for leave to institute any legal proceeding in the Municipal Court. The screening process does not prevent appellant from pursuing claims in the court system provided that they are legitimate claims.

**{¶24}** Appellant also argues that the trial court erred when assessing court costs against him for each Application to Proceed. R.C. 2303.20 mandates that a Clerk of Courts charge specific fees for various types of actions filed in the Court of Common Pleas. This Court addressed the issue of court costs in *Helfrich v. Ward*, 5th Dist Licking App. No 2020 CA 00028, 2020-Ohio-3336, as follows:

**{¶25}** " 'The duty to pay court costs is a civil obligation arising from an implied contract.' " *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20, *superseded by statute (R.C. 2947.23)*, quoting *Strattman v. Studt*, 20 Ohio St. 2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus. Whether in a civil or criminal case, a litigant's involvement in court proceedings renders him liable, by implied contract, for the payment of court costs. *Id.*, quoting *Strattman* at paragraph six of the syllabus. " '[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, *superseded by statute (R.C. 2947.23)*, quoting *Strattman* at 102.

**{¶26}** "In addition to this civil obligation and implied contract that arises from Mr. Helfrich's filing of his Applications to Proceed, statutory authority mandates that costs be taxed to all parties. Mr. Helfrich erroneously maintains that under the Revised Code no language allows the assessment of costs unless in a legal proceeding. (Writ at ¶ 6) This is incorrect. R.C. 2335.18 provides: "The costs of the parties in all *actions, motions, and proceedings*, in any of the courts of this state, shall be taxed and entered of record separately." (Emphasis added.) Thus, court costs must be taxed in all "actions, motions, and proceedings," not just legal proceedings as claimed by Mr. Helfrich. Black's Law Dictionary defines an "application" as "[a] putting to, placing before, preferring a request

or petition to or before a person. The act of making a request for something. * * *" We find Mr. Helfrich's applications are therefore akin to motions. *Black's Law Dictionary* 98-99 (6th Ed. 1990)."

**{¶27}** "Mr. Helfrich also argues according to the Ohio Supreme Court, an Application to Proceed is a screening process, not a legal proceeding. (Writ at ¶ 4). He cites no case law authority for this statement. Instead, we view Mr. Helfrich's unsuccessful Applications to Proceed as motions he is required to file because he is a vexatious litigator. The clerk of courts dockets these applications on the miscellaneous docket in case number 2011 MD 0006 (Writ at ¶ 8) just as the clerk would do when a document or pleading is filed in any other action, motion, or proceeding.

**{¶28}** "Further, R.C. 2303.20 requires the clerk of the common pleas court to charge certain fees for services provided. This statute specifically addresses the following services by the clerk: Under section (A) of this statute, twenty-five dollars for each cause of action which shall include the following: docketing in all dockets (R.C. 2303.20(A)(1); filing necessary documents, noting the filing of the documents on the dockets (R.C. 2303.20(A)(2); noting on the appearance docket all papers mailed (R.C. 2303.20(A)(5); preparing cost bill (R.C. 2303.20(A)(8); entering costs on docket and cash book (R.C. 2303.20(A)(10); two dollars for issuing each writ, order, or notice (R.C. 2303.20(C); and two dollars for each page, for entering on journal, indexing, and posting on any docket (R.C. 2303.20(F).

**{¶29}** "The clerk is mandated by R.C. 2303.20 to charge for these services rendered. Even though Mr. Helfrich may ultimately be unsuccessful because his Application to Proceed is denied, the clerk of courts still processes the application and

incurs costs in doing so. If Mr. Helfrich does not pay for the clerk's services, the burden will be placed upon Ohio's taxpayers and we see no reason why the taxpayers should be required to pay for Mr. Helfrich's unsuccessful Applications to Proceed. If he chooses to use the services provided by the clerks' office and court system, he must pay for them. By filing Applications to Proceed, even those that are unsuccessful, Mr. Helfrich has entered into an implied contract to pay for the services that are required to process his Applications. It makes no difference the application may ultimately be denied."

**{¶30}** Id at paragraphs 24-28.

**{¶31}** Pursuant to R.C, 2303.20  and the Fee Schedule adopted by the Licking County Clerk of Courts, appellant is required to pay a fee of $25.00 prior to filing any new Application to Proceed in the Court of Common Pleas. As found by this Court in our previous decision, each Application filed in the underlying case is akin to a motion and, therefore, appellant is required to pay court costs. While appellant contends that this Court, in *Helfrich v. Ward*, 5th Dist Licking App. No 2020 CA 00028, 2020-Ohio-3336, has agreed that the instruction to caption everything as 2011MD0006 "is an endless filing and the case always remains open"  and that the whole process was "confusing", we note that this Court, in our Opinion, was citing to appellant's own language contained in his writ in such case. As noted by appellee, simply because the Application is filed in one  case number does not mean that that cause of action which is the subject of that Application is to be filed in the same case number. In the event that the Application is granted and appellant is granted leave to file a new case, the case would be filed under a different case number.

**{¶32}** Appellant further maintains that the trial court could not order him to pay owing court costs prior to permitting appellant to file his action in Licking Municipal Court. In *Musgrove v. Helms,* 2nd Dist. Greene Nos. 08CA96, 09CA76, 2011–Ohio–1614, the court held that absent a finding that the mother was a vexatious litigator, the trial court could not impose a limitation prohibiting the mother who was a party in child support and child custody proceedings from filing additional motions or pleadings unless she first paid any remaining court costs due and owing by her in the action and that the court was not authorized to prohibit a party from filing motions as a method of collecting unpaid court costs. The court, in *Musgrove*, stated, in relevant part, as follows: "We are unaware of any provision in the law or rules of procedure that authorizes a court to prohibit a party from filing motions in an action until obligations to pay costs that have been imposed on the party are satisfied.

**{¶33}** "R.C. 2303.08 authorizes the clerk of courts to "refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section." The record does not reflect that the domestic relations court made a finding pursuant to R.C. 2323.52. The court may not impose a like limitation as a method of collecting unpaid court costs." Id at paragraphs 69-70.

**{¶34}** Because appellant, in the case sub judice, has been found to be a vexatious litigator, we find that the trial court did not err in prohibiting appellant from filing any further filings until he paid outstanding court costs.

**{¶35}** Appellant's six assignments of error are, therefore, overruled.

{¶36} Accordingly, the judgment to the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.