[Cite as *Musgrave v. Yost*, 2025-Ohio-738.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MATHEW J. MUSGRAVE | Case No. 2023-00670PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| DAVE YOST-OHIO ATTORNEY GENERAL | |
| Respondent | |

{¶1} In this public-records case, on February 11, 2025, the Tenth District Court of Appeals sua sponte dismissed Requester's appeal of this case. The Tenth District Court of Appeals did not stay the execution of its judgment. *Mathew J. Musgrave v. David Yost-Ohio Attorney General*, 10th Dist. No. 24AP-268 (Feb. 11, 2025 Judgment Entry). *See generally* App.R. 27 ("[a] stay of execution of the judgment mandate pending appeal may be granted upon motion, and a bond or other security may be required as a condition to the grant or continuance of the stay").

{¶2} Absent a stay of execution of the court of appeals' judgment, the Court therefore (1) sua sponte lifts the stay that it had been imposed in this matter after Requester filed a Notice of Appeal and (2) proceeds to adjudicate Requester's objections to a Special Master's Report and Recommendation. For reasons explained below, the Court overrules Requester's objections and adopts the Report and Recommendation.

### I. Background and Procedural History

{¶3} On October 16, 2023, Requester, a self-represented litigant, filed a public-records complaint pursuant to R.C. 27843.75(D). The Clerk appointed a Special Master, who referred the matter to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. Respondent later filed a response to Requester's Complaint.

{¶4} On March 19, 2024, the Special Master issued a Report and Recommendation (R&R) in which the Special Master determined that (1) Requester's claim for production of records is moot, (2) Requester's claims under R.C. 149.43(B)(4) (prohibition against requiring the disclosure of the identity of a requester of public records or the intended use of a requested public record) fail for want of proof, and (3) Requester's claim of a delay in the production of records should be rejected. The Special Master recommends:

- The court find that Requester's claim for production of records is moot.

- The court find that Requester has failed to prove a violation of R.C. 149.43(B)(4).

- The court reject Requester's delay claim.

- The court reject Requester's claims about the administration of the concealed carry laws.

- Requester bear the costs of this case.

(R&R, 7.)

{¶5} On April 1, 2024, Requester filed a letter addressed to the Special Master, which has been designated as an objection to the Special Master's Report and Recommendation on the Court's docket. Requester indicates in the letter that he sent copies of the letter to Respondent's counsel.[1] Four days later, on April 5, 2024, Requester

---

[1] Whether Requester's letter was served by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2), is uncertain. *See* R.C. 2743.75(F)(2) (providing that either party "may object to [a] report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested").

The Supreme Court of Ohio has noted that self-represented litigants are presumed to have knowledge of the law and legal procedures and that self-represented litigants should be held to the same standard as litigants who are represented by counsel. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10. In *State ex rel. Neil* at ¶ 10 the Supreme Court of Ohio stated:

> We have repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. "'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" (Italics sic.) *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dep't of Job & Family Servs.*, 763 N.E.2d 1238, 145 Ohio App. 3d 651, 654 (2001).

filed a document seeking leave to amend or supplement, or both, his written Objections. The Court denied Requester's application.

**{¶6}** On April 15, 2024, Requester filed a notice of appeal, which effectively resulted in this Court's loss of jurisdiction over this matter.  *See In re S.J.*, 2005-Ohio-3215, ¶ 9 (once a case has been appealed, a trial court loses jurisdiction except to take action in aid of the appeal, but the trial court retains jurisdiction over issues not inconsistent with an appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from).  This Court thereafter sua sponte stayed this case during the pendency of Requester's appeal to the court of appeals, but the Court permitted Respondent to file a response to Requester's Objections in accordance with R.C. 2743.75(F)(2).[2]

**{¶7}** On April 15, 2024, Requester again moved for an extension of time to allow for completion of a response.  Respondent did not file a timely response to Requester's second request for an extension of time to supplement his Objections of April 1, 2024.

**{¶8}** On April 24, 2024, Respondent filed a written Response to Requester's Objections.  In the Response, Respondent maintains that the Court should not consider Requester's Objections because they do not comply with R.C. 2743.75(F)(2) as they are not specific and do not state the grounds for the objections with particularity.  Respondent also maintains that the Special Master reached the correct conclusion on Requester's claims.

**{¶9}** On May 3, 2024, Requester filed a document labeled Notice of Motion For Dismissal Of Respondent Response To Objections of Requester Mathew J. Musgrave.  Respondent has not filed a timely response to Requester's filing of May 3, 2024.

---

*Accord Justice v. Lutheran Social Servs.*, 1993 Ohio App. LEXIS 2029, at *6 (10th Dist. Apr. 8, 1993) ("[w]hile one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel").

[2]       Under R.C. 2743.75(F)(2) if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."

{¶10} On February 11, 2025, the Tenth District Court of appeals dismissed Requester's appeal for lack of a final appealable order.

## II.    Law and Analysis

{¶11} Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶12} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall

squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

### A. Requester's second request for an extension of time to supplement his Objections is not well taken.

{¶13} R.C. 2743. 75(F)(2) establishes deadlines for the filing of objections to a special master's report and recommendation in a public records dispute before this Court. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested."  The General Assembly "is the ultimate arbiter of policy considerations relevant to public-records laws."  *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44, citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 21.  Unless R.C. 2743.75(F)(2) is deemed unconstitutional by a court of competent authority, this Court generally should not deviate from statutory deadlines enacted by the General Assembly in R.C. 2743.75(F)(2).  *See Beagle v. Walden*, 78 Ohio St.3d 59, 62 (1997) ("'"[t]he legislature is the final arbiter of public policy, unless its acts contravene the state or federal Constitutions."' *State v. Smorgala* (1990), 50 Ohio St. 3d 222, 224, 553 N.E.2d 672, 675, quoting *State v. Kavlich* (1986), 33 Ohio App. 3d 240, 246, 515 N.E.2d 652, 657-658 (Markus, C.J., concurring)").

{¶14} Upon review, the Court finds that Requester's second request for an extension of time filed on April 15, 2024, is not well taken and the Court denies Requester's request.

### B. Requester's "Notice of Motion For Dismissal Of Respondent Response To Objections of Requester Mathew J. Musgrave" filed on May 3, 2024, is not well taken.

{¶15} In Requester's "Notice of Motion For Dismissal Of Respondent Response To Objections of Requester Mathew J. Musgrave," Requester asks the Court to quash or suppress, or suppress and invalidate Respondent's Response "as it is derived from a

false claim; its acceptance is contrary to jurisdiction of the Ohio Court of Claims, and clearly impedes the objective review of the Court of Appeals Tenth District." The Court construes Requester's Notice to be a motion. *See State v. Schlee*, 2008-Ohio-545, ¶ 12 ("[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"); *see also Black's Law Dictionary* (12th Ed. 2024) (defining "motion" as a "written or oral application requesting a court to make a specified ruling or order").

{¶16} Upon review, Requester's request to quash, suppress, or suppress and invalidate Respondent's Response is not well taken and the Court denies Requester's request.

### C. Requester's Objections are not well taken.

{¶17} Under R.C. 2743.75(F)(2) any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Requester states in his Objections:

> Dear [Special Master]:
>
> I am providing you with a tentative response to receipt of your Decision of March 19th in the above case; a response by me was required in 7 days of receipt.
>
> Contact was made with staff at the Ohio Court of Claims to gain additional clarity on the purpose of sending my response, but they could not offer a reason.
>
> Your Decision references costs, and the rationale supporting payments appears disjointed and at point misleading. Costs were not previously discussed with me nor do I find any written materials on costs provided to me at the time of paying my filing fee.
>
> Multiple facts and events referenced in your Decision are strangely contorted, and significant others are omitted. I am drafting an in-depth analysis of the Decision that can be shared with a Board of Judicial Review or similar body at a mutually agreed time.
>
>          ....

{¶18} In Requester's Objections, Requester essentially challenges the Special Master's recommendation to assess court costs against Requester and advises that "an in-depth analysis" of the Report and Recommendation may be forthcoming. The Ohio Supreme Court has held: "The duty to pay court costs is a civil obligation arising from an implied contract." *Strattman v. Studt*, 20 Ohio St.2d 95 (1969), paragraph six of the syllabus. In *Strattman* the Ohio Supreme Court explained: "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Strattman* at 103. The Fifth District Court of Appeals has stated:

> "'[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15, *superseded by statute (R.C. 2947.23)*, quoting *Strattman* at 102.

*Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

{¶19} Here, in the Report and Recommendation the Special Master states: "Costs should be assessed against Mr. Musgrave pursuant to R.C. 2743.09(F) and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25." (R&R, 7.) The Special Master's recommendation for the assessment of court costs against Requester is consistent with the ordinary application of statutory law and case law as they existed at the time of the filing of Requester's Complaint. *See* R.C. 2743.75(F)(1) (requiring the special master to submit to the court of claims a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint); *see also Strattman*, *supra*; *Helfrich*, *supra*.

{¶20} Upon review, the Court concludes that Requester's Objections concerning the recommendation for the assessment of court costs lacks merit.[3]

## III. Conclusion

---

[3] Under Ohio law the "ultimate determination as to how court costs will be assessed is a matter of sound judicial discretion." *Vales v. Ins. Affiliates Agency, Inc.*, 1990 Ohio App. LEXIS 5041, at *4-5 (8th Dist. Nov. 21, 1990), citing *State ex rel. Fant v. Regional Transit Auth.*, 48 Ohio St.3d 39 (1990). *Accord Pfeifer v. Chief Drilling Inc.*, 1977 Ohio App. LEXIS 8865, at *28 (10th Dist. May 24, 1977) ("[a]warding of court costs lies within the discretion of the trial court").

{¶21} For reasons set forth above, the Court (1) sua sponte VACATES its stay of this case, (2) DENIES Requester's Motion For Extension Of Time To Filing An Objection To The Special Master Decision By Requester Mathew J. Musgrave filed on April 15, 2024, (3) DENIES the Notice of Motion For Dismissal Of Respondent Response To Objections of Requester Mathew J. Musgrave filed on May 3, 2024, (4) OVERRULES Requester's objections to the Special Master's Report and Recommendation, and (5) ADOPTS the Report and Recommendation issued on March 19, 2024.

{¶22} In accordance with the Special Master's recommendations, the Court (1) finds that Requester's claim for production of records is moot, (2) finds that Requester has failed to prove a violation of R.C. 149.43(B)(4), (3) rejects Requester's delay claim and (4) rejects Requester's claims about the administration of concealed carry laws. Court costs are assessed against Requester. The Clerk shall serve upon all parties notice of this Decision and Entry and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed February 20, 2025**
**Sent to S.C. Reporter 3/6/25**