[Cite as *Kidd v. Wilmington*, 2025-Ohio-2887.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| QUINTIN KOGER KIDD | Case Nos. 2025-00620PQ, 2025-00621PQ, 2025-00622PQ, 2025-00623PQ, 2025-00624PQ, 2025-00625PQ, 2025-00626PQ, 2025-00627PQ, and 2025-00628PQ |
| Requester | |
| v. | |
| CITY OF WILMINGTON | Special Master Todd Marti |
| Respondent | <u>RECOMMENDATION FOR DISMISSAL</u> |

{¶1} These consolidated cases are before me following R.C. 2743.75(D)(2) examinations of the complaints in each case. Based on those examinations, I recommend that the court dismiss these cases pursuant to R.C. 2743.75(D)(2) and order requester to pay the costs of these cases.

## I.    Background.

{¶2} Requester Quintin Kidd made two related, multi-part, public records requests on April 21, 2025. One was to the respondent City of Wilmington, Ohio ("the City"). The other was to a law firm retained by the City ("the Firm"). The City and the Firm responded separately, although Mr. Kidd asserts that the Firm prepared the City's response. The attachments to Mr. Kidd's complaints indicate that both the City and the Firm invoked the attorney-client privilege to limit their responses. The Firm also asserted that parts of the request directed to it were overboard and ambiguous.

{¶3} Mr. Kidd was not satisfied with those responses and filed 10 cases against the City. The bodies of the complaints are almost identical and assert the same claims:

- That the City and the Firm failed to provide privilege logs.

- That the City and the Firm failed to provide statutory bases for their redactions and withholdings.

- That the City and the Firm improperly invoked the attorney-client privilege.

- That the City and the Firm failed to provide sufficient information to allow him to refine his requests.

- That the City improperly delegated its response to his request to the Firm.

- That the City and the Firm have failed to preserve records in violation of R.C. 149.351.

The attachments to the complaints are almost identical. Those cases were given the case numbers of 2025-00619PQ, 2025-00620PQ, 2025-00621PQ, 2025-00622PQ, 2025-00623PQ, 2025-00624PQ, 2025-00625PQ, 2025-00626PQ, 2025-00627PQ, and 2025-00628PQ.[1]

{¶4} Mediation was bypassed in Case No. 2025-00619PQ and a schedule was set for the parties to file evidence and memoranda supporting their positions. The other cases were consolidated pursuant to Civ. R. 42 because they present common issues of law and fact. *Order Bypassing Mediation*, entered July 7, 2025, in Case No. 2025-00619PQ; *Consolidation Order*, entered July 7, 2025, in each of the consolidated cases.

## II. Analysis.

### A. The Court should dismiss these cases pursuant to R.C. 2743.75(D)(2).

{¶5} R.C. 2743.75 is intended to provide "an expeditious and economical procedure . . . to resolve disputes alleging a denial of access to public records[.]" It achieves that result in two ways. One is by providing a streamlined process that leads to limited relief for successful claimants. R.C. 2743.75(D), (E), (F), and (G)(1). Another is R.C. 2743.75(D)(2), which gives the court discretion to dismiss cases that would thwart the purpose of quickly and efficiently resolving public records disputes. See generally, *Meros v. Office of Ohio Atty. Gen. Yost*, 2023-Ohio-1861, ¶¶ 6-8, 11-12 (Ct. of Cl.).

{¶6} The discretion granted by R.C. 2743.75(D)(2) is broad. It allows dismissal "[*n]otwithstanding any provision to the contrary* in this section." (Emphasis added). That

---

[1] The cases noted in the text are not the only cases between Mr. Kidd and the City. *See also* Case Nos. 2025-00516PQ and 2025-00521PQ.

allows dismissal of a case that otherwise falls within the scope of R.C. 2743.75 because "a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions[.]" *Ohio Neighborhood Fin., Inc. v. Scott*, 2014-Ohio-2440, ¶ 35. Further, the General Assembly placed no substantive or procedural limitations on the court's authority to dismiss a case pursuant to this subsection, entrusting such dismissals to the court's sound discretion. This court has looked to precedent construing the federal Freedom of Information Act ("FOIA") to guide the exercise of its R.C. 2743.75(D)(2) discretion. *Schaffer v. Sheets*, 2025-Ohio-1007, ¶¶ 11-14, 19-20, 22-23, 25-26, adopted March 21, 2025 (Ct. of Cl. Case No. 2024-00808PQ).

{¶7} The federal courts dismiss duplicative FOIA cases. See e.g. *Rosiere v. United States*, 650 F.App'x 593, 596 (10th Cir. 2016). This court has similarly noted that the duplicative nature of a case supports a R.C. 2743.75(D)(2) dismissal. *Schaffer*, 2025-Ohio-1007, ¶¶ 23, 25. Those holdings are consistent with the general principle that "the pendency of an action for the identical cause and between the same parties as in a subsequent action is ground for the dismissal of the latter. The law will not permit a defendant to be harassed by two actions or to be vexed twice for the same cause." *State ex rel. Miller v. Court of Common Pleas*, 151 Ohio St. 397, 400 (1949) (internal punctuation omitted). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Schaffer*, 2025-Ohio-1007 at ¶ 23 (cleaned up).

{¶8} These consolidated cases are duplicative of Case No. 2025-00619PQ. The claims asserted in that case and the consolidated cases are identical. The cases are brought against the same respondent. The cases seek identical relief. The consolidated cases should therefore be dismissed.

{¶9} That is not changed by the fact that each of the consolidated cases also seek to enforce distinct, specific, requests following up on the April 21, 2025 requests that started this dispute between the City and Mr. Kidd. Those follow up requests simply reiterated Mr. Kidd's objections to attorney-client based redactions of specific portions of all the records already placed at issue by his general objections to *all* attorney-client

based redactions. Those specific objections are therefore subsumed in the general objections made in Case No. 2025-00219PQ and can be fully litigated there.

**B. Costs**.

{¶10} The costs associated with the consolidated cases should be assessed against Mr. Kidd pursuant to R.C. 2743.09(F) and R.C. 2303.20 because he implicitly agreed to pay those costs by filing these cases. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

**III. Conclusion.**

{¶11} In light of the foregoing, I recommend that the court:

A. DISMISS these consolidated cases without prejudice pursuant to R.C. 2743.75(D)(2); and

B. Order requester to pay the costs of these consolidated cases.


_____
TODD MARTI
Special Master


**Filed July 8, 2025**
**Sent to S.C. Reporter 8/14/25**